IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GARY LEON WEBSTER**  **PLAINTIFF**
**ADC #114018**

v.  Case No. 3:20-cv-00406-KGB

**ERNEST WARD**  **DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster, incarcerated at the Tucker Unit of the Arkansas Department of Corrections, filed a *pro se* complaint on December 17, 2020, alleging that Ernest Ward, a law enforcement officer, violated his federally-protected rights (Dkt. No. 2, at 4-6). Before the Court is Mr. Webster's motion to proceed *in forma pauperis* (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on December 17, 2020, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does*, 3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.,* 3:19-CV-78-DPM (E.D. Ark.). Nevertheless, Mr. Webster may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only

if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Webster sued Mr. Ward in his official and personal capacities (Dkt. No. 2, at 1-2). According to Mr. Webster, Mr. Ward ordered Mr. Webster "out of his legal residence without an affidavit for probable cause, without a warrant of arrest for the commission of any crime" when Mr. Webster "had paid rent monthly there for almost two years" (*Id*. at 4). Mr. Webster also alleged Mr. Ward had a policy or custom of evicting individuals from their residences, having previously evicted 23 people (*Id*. at 5-6). Based on Mr. Webster's allegations, he was not in imminent danger at the time he filed his complaint. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. The Court dismisses this case due to Mr. Webster's failure to pay the filing fee. Mr. Webster has 30 days to reopen this case by paying the $402[1] filing fee in full.

It is therefore ordered that:

1. Mr. Webster's motion to proceed *in forma pauperis* (Dkt. No. 1) is denied.

2. Mr. Webster's complaint is dismissed without prejudice (Dkt. No. 2).

3. Mr. Webster has 30 days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

---

[1] Effective December 1, 2020, the cost for filing a new civil case is $402 which includes a $52 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

So ordered this 23rd day of December, 2020.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge